UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DANIEL LACKEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No.   4:24-CV-083-TAV-MJD ) |
| LINCOLN COUNTY, TULL MALONE, VICKEY AFISOV, and ZEK GEORGE, | ) ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate of the Lincoln County Jail, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address Plaintiff's motion [*Id.*] before screening his complaint [Doc. 2].

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As Plaintiff's motion for leave to proceed *in forma pauperis* establishes that he cannot pay the filing fee in one lump sum, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's

inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum opinion and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee. This memorandum opinion and order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

According to Plaintiff, all the individual Defendants run the Lincoln County Jail together, and these Defendants told jail officers "to lock the cages in pods 143, 144, and 147" [Doc. 2, pp. 3–4]. When the cages are locked, inmates therein cannot access an emergency help button from 10:30 p.m. to 4:00 a.m. and therefore have no access to get help, although a correctional officer walks through the pods with locked cages every 45 minutes to an hour [*Id.* at 4, 5]. According to Plaintiff, this means the inmates in those pods "have to be in constant fear because there is no way to get help if something happens either medically or physically" [*Id.* at 4]. But inmates in pods 152, 148, 208, and 210 are not in cages, which gives them the freedom to "stay out all night and play cards, walk laps" [*Id.*]. Plaintiff also claims that the inmates in these pods "do not have to worry about something happening to them in the middle of the night like a seizure, heart attack, or other medical reasons, or getting beat by another inmate with no one having access to an emergency help button at all" [*Id.*]. Plaintiff further asserts that "all the pods should have

3

the same rights as far as being out and able to walk around or play cards because none of the pods are lockdown pods" [*Id.*].

Jail officials moved Plaintiff out of pod 144, which had a cage, to pod 152, which does not have a cage [*Id.* at 5]. When Plaintiff was in the pod with the cage, a correctional officer told the inmates to yell if they needed help and someone would come, but Plaintiff has tried yelling for help before in this jail, and it "does not work at all" [*Id.*]. And as Plaintiff has a lot of friends in the pods with cages, he worries about his friends' lack of access to a help button and believes it is unfair that all inmates do not get the same privileges [*Id.*].

Plaintiff has sued Lincoln County, Tull Malone, Vicky Afisov, and Zek George [*Id.* at 1, 3]. As relief, Plaintiff asks that someone come to the jail to see how it is run, as well as relief for his pain and suffering [*Id.* at 6].

### C. Analysis

The Court liberally construes Plaintiff's complaint to assert claims for (1) violation of the right to equal protection; (2) unconstitutional punishment; and (3) failure to protect inmates. The Court will address these claims in turn.

#### 1. Equal Protection

Liberally construing Plaintiff's complaint in his favor, he alleges that Defendants are violating the Lincoln County Jail inmates' rights to equal protection because at night, inmates in certain Lincoln County Jail pods are placed in cages, where they do not have access to an emergency help button but instead have an officer who checks the pods every

4

45 minutes to an hour, while inmates in other pods have access to an emergency help button and freedom to do recreational activities during the night hours [*Id.* at 3–5].

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Plaintiff's complaint does not allow the Court to plausibly infer that any Defendant treated him disparately as to other similarly situated inmates in a manner that burdened a fundamental right, targeted a suspect class, or had no rational basis. Specifically, (1) inmates have no fundamental right to freedom to do recreational activities at night, *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (providing that prisoners are only entitled to enough recreation to maintain reasonably good physical and mental health); (2) inmates also do not have a fundamental right to access to an emergency help button, *Parsons v. Wilkinson*, 168 F.3d 490, at *2 (6th Cir. 1998) (providing that the absence of an emergency call button did not rise to the level of "a serious deprivation of life's necessities"); and (3) Plaintiff does not allege or set forth facts from which the Court

5

can plausibly infer that the pod placements target a suspect class or have no rational basis. Accordingly, Plaintiff's allegation that the Lincoln County Jail pod placements violate inmates' right to equal protection fails to allege a plausible claim for violation of § 1983.

### 2. Punishment

To the extent that Plaintiff alleges that the differing pod privileges amounts to unconstitutional punishment, the Court presumes that Plaintiff is a detainee and therefore analyzes this claim under the Fourteenth Amendment.[1] *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). A pretrial detainee can establish that a jail officer subjected him to unconstitutional punishment by showing either (1) "an expressed intent to punish on the part of the detention facility officials," or (2) that "a restriction or condition is not rationally related to a legitimate government objective or is excessive in relation to that purpose." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 717 (6th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

As Plaintiff states that he is in a pod where inmates can do nighttime recreational activities and have access to an emergency help button, the Court cannot plausibly infer that any Defendant is subjecting him to an unconstitutional punishment, restriction, or condition, much less that any Defendant has expressed an intent to punish Plaintiff through these conditions. And to the extent that Plaintiff seeks to assert claims on behalf of other

---

[1] As the Court finds that Plaintiff has failed to plausibly allege a punishment claim under the Fourteenth Amendment, which provides pretrial detainees more protection than the Eighth Amendment provides convicted prisoners, it is evident that this claim also would not survive Eighth Amendment scrutiny. *See Love v. Franklin Cnty.*, 376 F. Supp. 3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment") (citations omitted).

inmates who do not have these privileges, he lacks standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Moreover, to the extent that Plaintiff seeks to challenge the fact that he did not have these privileges in his former pod placement, Plaintiff has not set forth any facts from which the Court can plausibly infer that the differing pod privileges is due to any Defendant's expressed intent to punish inmates, is not rationally related to a legitimate penological purpose, or is excessive in relation to that purpose.

Accordingly, Plaintiff's complaint fails to state a plausible claim for punishment that violates the Fourteenth Amendment.

### 3. Failure to Protect

It also appears that Plaintiff may allege that Defendants are failing to protect the inmates in pods without an emergency help button, as Plaintiff claims that during night hours, an officer checks these pods only every 45 minutes to an hour. For Plaintiff's complaint to state a plausible claim for failure to protect, Plaintiff must set forth facts from which the Court can infer that a Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

The Court again notes that Plaintiff's complaint specifically states that Plaintiff is in a pod with access to the emergency help button at night, so to the extent that Plaintiff seeks relief based on Defendants' alleged failure to protect other inmates, he lacks standing to do so. *Newsom*, 888 F.2d at 381. But to the extent that Plaintiff seeks relief for Defendants' alleged failure to protect him while he was in a pod without access to an emergency help button at night, Plaintiff has not set forth any facts from which the Court can plausibly infer that inmates' lack of access to an emergency help button at night creates an unjustifiably high risk of harm, especially as Plaintiff acknowledges that jail officers perform checks of those pods periodically. Accordingly, Plaintiff's complaint also fails to state a plausible claim for failure to protect in violation of § 1983.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE